UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

KEONNE RODRIGUEZ and
WILLIAM LONERGAN HILL,

                Defendants.

---

Case No. 24 Cr. 82 (RMB)

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
<u>**WILLIAM LONERGAN HILL'S MOTION FOR A SEPARATE TRIAL**</u>

 

Roger A. Burlingame
Matthew L. Mazur
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
roger.burlingame@dechert.com
matthew.mazur@dechert.com

*Counsel for Defendant William Lonergan Hill*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
BACKGROUND ................................................................................................................................ 3
ARGUMENT ...................................................................................................................................... 5
   A Severance is Warranted Because a Joint Trial Will deprive Mr. Hill of his Right to Call His Co-Defendant as a Witness to Present Exculpatory Evidence .................................................... 5
CONCLUSION ................................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States v. Almonte*,
  No. 91 Cr. 461, 1992 WL 13013 (N.D. Ill. Jan. 8, 1992) ........................................................... 8

*United States v. DePalma*,
  466 F. Supp. 920 (S.D.N.Y. 1979) ..................................................................................... 7, 8

*United States v. Echeles*,
  352 F.2d 892 (7th Cir. 1965) ................................................................................................. 8

*United States v. Finkelstein*,
  526 F.2d 517 (2d Cir. 1975) ............................................................................................. 7, 8

*United States v. Lyles*,
  593 F.2d 182 (2d Cir. 1979) .................................................................................................. 8

*United States v. O'Connor*,
  650 F.3d 839 (2d Cir. 2011) .................................................................................................. 6

*United States v. Sliker*,
  751 F.2d 477 (2d Cir. 1984) .................................................................................................. 9

*United States v. Stoecker*,
  920 F. Supp. 876 (N.D. Ill. 1996) ......................................................................................... 8

*United States v. Walker*,
  142 F.3d 103 (2d Cir. 1998) .................................................................................................. 6

*United States v. Wilson*,
  11 F.3d 346 (2d Cir. 1993) .................................................................................................... 9

*Zafiro v. United States*,
  506 U.S. 534 (1993) ......................................................................................................... 5, 6

**Statutes**

18 U.S.C. § 1956 ........................................................................................................................ 3

18 U.S.C. § 1960 ........................................................................................................................ 3

31 U.S.C. § 5311, *et seq.* ...................................................................................................... 1, 3

**Other Authorities**

Fed. R. Crim. P. 8(b) ..................................................................................................................3

Fed. R. Crim. P. 14(a) ...................................................................................................1, 5, 6, 10

U.S. Const. amend. V............................................................................................................ *passim*

U.S. Const. amend. VI ..........................................................................................................1, 6

Defendant William Lonergan Hill respectfully moves this Court for an Order, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, the Due Process Clause of the Fifth Amendment, and the Sixth Amendment right to call witnesses in his defense, severing his trial from the trial of his co-defendant Keonne Rodriguez.

## PRELIMINARY STATEMENT

The Indictment charges Mr. Hill and Mr. Rodriguez, jointly, with (i) conspiring to commit money laundering and (ii) conspiring to operate an unlicensed money transmitting business, based on "Samourai Wallet" ("Samourai"), computer software with various privacy-enhancing features that was available for download from the Google app store for almost a decade. Mr. Hill served as Samourai's Chief Technology Officer; Mr. Rodriguez was the Chief Executive Officer. As required to prove the conspiracy charges, the Government alleges that the Defendants "willfully and knowingly combined, conspired, confederated, and agreed" to launder money and to operate an unlicensed money transmitting business—which Mr. Hill vehemently denies.

To the contrary, Mr. Hill expects the trial evidence to show that Samourai was intentionally and specifically designed to avoid violating United States law. Mr. Hill paid close attention to United States law relating to money transmitters precisely to ensure that he did not violate them. He and Mr. Rodriguez also discussed whether various features of Samourai could trigger a requirement to register with Treasury Department's Financial Crime Enforcement Network ("FinCEN") as a money transmitter. Throughout the entire time that Samourai operated, he believed that it was not a money transmitter that would have been (i) required to obtain a license from FinCEN or (ii) to implement anti-money laundering controls required for money transmitters under the Bank Secrecy Act, 31 U.S.C. § 5311, *et seq*.

Mr. Hill's belief that Samourai was not a money transmitter and was not required to implement anti-money laundering controls was based in part on his own understanding of the law, but also in part on his discussions with Mr. Rodriguez, who he knew was in direct communication with Samourai's lawyer, an attorney who specializes in in digital asset regulation and had been retained to serve as Samourai's outside counsel. As Samourai's CEO, Mr. Rodriguez was the person who communicated with outside counsel about legal issues relating to the business. He then had separate discussions with Mr. Hill about these issues. Sometimes he discussed the legal advice he had received from counsel with Mr. Hill, but sometimes he simply indicated to Mr. Hill that he had consulted with counsel, without conveying specific legal advice, and assured Mr. Hill that Samourai was complaint with applicable laws.

Mr. Rodriguez's discussions with Mr. Hill regarding the continued lawfulness of the business—including, but not limited to, discussions informed by Mr. Rodriguez's consultation with outside counsel—will be critical evidence of Mr. Hill's good faith belief that Samourai's business was lawful. Mr. Hill therefore intends to call Mr. Rodriguez as a witness at his trial to elicit the substance of their discussions.[1] Even though Mr. Hill could himself testify that he discussed the lawfulness of Samourai's business and various software features with his partner and CEO, Mr. Rodriguez's testimony will provide independent, corroborating, and exculpatory evidence of his innocent state of mind.

---

[1] Mr. Hill has not yet decided whether he will advance an "advice of counsel" defense. But Mr. Rodriguez's testimony would be exculpatory as to Mr. Hill regardless of whether it includes any reference to the advice of counsel. The fact that Mr. Rodriguez and Mr. Hill discussed the relevant laws and their applicability to Samourai, and concluded that the business complied with those laws, is itself exculpatory.

At a joint trial with Mr. Rodriguez, however, Mr. Hill will not be able to present this powerful exculpatory evidence. Mr. Rodriguez's counsel has indicated that he does not expect his client to testify at his own trial and, if called as a witness by Mr. Hill at a joint trial, would expect Mr. Rodriguez to invoke his Fifth Amendment right to remain silent. But Mr. Rodriguez *would* testify about his discussions with Mr. Hill at a separate trial of Mr. Hill, held after Mr. Rodriguez's own trial, at which time any statements he made on cross-examination could no longer be used against him. Accordingly, to avoid being deprived of his constitutional right to compel the testimony of a witness who will present important exculpatory evidence, Mr. Hill seeks a separate trial.

## BACKGROUND

Mr. Hill and Mr. Rodriguez are charged with (1) conspiring to commit money laundering in violation of 18 U.S.C. § 1956; and (2) conspiring to operate "an unlicensed money transmitting business" in violation of 18 U.S.C. § 1960. The charges stem from their operation of Samourai Wallet, which the government alleges to be a "cryptocurrency mixing service" and an "unlicensed money transmitting business." Indictment ¶ 1. They were charged as co-defendants under a single indictment and joined pursuant to Federal Rule of Criminal Procedure 8(b).

Mr. Hill and Mr. Rodriguez co-founded Samourai in 2015. Samourai was designed to be a non-custodial Bitcoin wallet, meaning that users of its software would never have to give up custody of their Bitcoin by providing their "private keys" to Samourai or anyone else when using the app. Mr. Hill believed at the time (and still believes today) that a non-custodial app like Samourai was not required to obtain a license from FinCEN or to implement anti-money laundering controls required for money transmitters under the Bank Secrecy Act, 31 U.S.C. § 5311, *et seq*.

Mr. Hill studied United States law relevant to Samourai's business, including various pronouncements by FinCEN, to ensure that Samourai did not violate any laws relating to money transmission. Mr. Hill and Mr. Rodriguez also discussed the application of United States laws around money transmission and how those laws might affect the Samourai business. And, in April 2020, Samourai hired a lawyer specializing in digital asset regulation as its outside counsel.

As CEO, Mr. Rodriguez was the person at Samourai who communicated with outside counsel about legal issues. He would then typically have a separate conversation with Mr. Hill. Mr. Rodriguez sometimes discussed the legal advice he had received from counsel with Mr. Hill, in which he either relayed the legal advice he had received or, alternatively, simply assured Mr. Hill (without relaying any specific piece of legal advice) that the business remained in compliance with the law.

Mr. Hill relied on his understanding that Mr. Rodriguez was consulting with outside counsel for assurance that Samourai did not run afoul of United States law. In particular, he understood—in part based on his own research and in part based on discussions with Mr. Rodriguez—that Samourai's "Whirlpool" feature (a type of "coin join" that allowed users to combine their Bitcoin transactions with those of other users to increase personal privacy) did not make Samourai a money transmitter that would be required to obtain a FinCEN license and to implement anti-money laundering controls. Mr. Rodriguez and Mr. Hill also discussed a comment letter outside counsel submitted to FinCEN on behalf of Samourai and other cryptocurrency companies in response to FinCEN's notice of proposed rulemaking targeting "mixing transactions" involving digital assets. This letter, while not dealing with the precise issue of whether Samourai qualified as a money transmitter under United States law, further assured Mr. Hill that Samourai was not violating any then-existing laws.

Mr. Rodriguez is the only witness other than Mr. Hill himself who can testify to the contents of their discussions. Mr. Hill therefore intends to call Mr. Rodriguez as a witness to testify about their discussions, which will be evidence of his innocent state of mind. But Mr. Rodriguez's lawyer has indicated that his client does not intend to testify at his own trial and, if called by Mr. Hill as a witness at a joint trial, would invoke his Fifth Amendment right not to. Mr. Rodriguez would, however, testify on Mr. Hill's behalf at a separate trial after his own trial, when his statements on cross-examination could not be used against him.

Counsel for Mr. Rodriguez has declined to allow his client to provide a sworn declaration or affidavit detailing his discussions with Mr. Hill at this time—six months in advance of trial. Mr. Hill would be willing to provide such a declaration but respectfully requests that he be allowed to submit it under seal and *ex parte* at this stage in the proceedings. An *ex parte* submission is necessary to avoid disclosing privileged legal advice that was shared by Mr. Rodriguez with Mr. Hill.

## ARGUMENT

### A SEVERANCE IS WARRANTED BECAUSE A JOINT TRIAL WILL DEPRIVE MR. HILL OF HIS RIGHT TO CALL HIS CO-DEFENDANT AS A WITNESS TO PRESENT EXCULPATORY EVIDENCE

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). While the law tolerates some prejudice to an individual defendant from joinder, severance should be granted where there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In such cases, the prejudice to the

defendant from joinder is "sufficiently severe to outweigh the judicial economy" that would be realized by holding a single trial. *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

Consistent with Rule 14(a), Mr. Hill should be tried separately from Mr. Rodriguez to allow him to call his co-defendant as a witness. Mr. Rodriguez has unique knowledge of essential exculpatory information as to Mr. Hill—namely, discussions with Mr. Hill concerning the legality of Samourai under United States law, including discussions based on Mr. Rodriguez's own communications with outside counsel. But a joint trial pits Mr. Hill's Sixth Amendment right to call witnesses in his favor against Mr. Rodriguez's own rights under the Fifth Amendment not to testify. *See Zafiro*, 506 U.S. at 539 ("[A] defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial") (citing *Tifford* v. *Wainwright,* 588 F.2d 954 (5th Cir. 1979) (*per curiam*)); *United States v. O'Connor*, 650 F.3d 839, 859 (2d Cir. 2011) (severance may be warranted where defendant shows "a likelihood that the codefendant would waive his Fifth Amendment privilege and testify at a severed trial"). To ensure both Defendants' constitutional rights are respected, and that Mr. Hill will not suffer substantial prejudice from the inability to call Mr. Rodriguez as a witness, the Court should order separate trials.

Here, a severance is necessary to ensure that Mr. Hill's right to "to have compulsory process for obtaining witnesses in his favor," as guaranteed by the Sixth Amendment to the United States Constitution, is protected. Indeed, this case is the paradigmatic example contemplated by *Zafiro*. In his defense, Mr. Hill intends to call Mr. Rodriguez to provide exculpatory evidence concerning Mr. Hill's good faith. The evidence is crucial to his defense, as it undermines the Government's allegations that he "knowingly and willfully" entered into an unlawful conspiracy. If he reasonably believed that Samourai was operating lawfully, not only based on his own examination of the laws,

6

but also on discussions of those laws with Mr. Rodriguez, who was communicating directly with Samourai's lawyer, a jury could not reasonably find him guilty beyond a reasonable doubt of conspiracy. In a joint trial, however, Mr. Hill's inability to call Mr. Rodriguez would deprive him of this critical evidence corroborating his good faith, compromising an important trial right and preventing the jury from reaching a reliable judgment as to Mr. Hill.

The Second Circuit has identified four factors that the Court should consider when a defendant needs a co-defendant to testify in order to present exculpatory testimony and the co-defendant refuses to testify at a joint trial:

> (1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege, ... (2) the degree to which the exculpatory testimony would be cumulative, ... (3) the counter arguments of judicial economy, ... and (4) the likelihood that the testimony would be subject to substantial, damaging impeachment ...

*United States v. Finkelstein*, 526 F.2d 517, 523-24 (2d Cir. 1975) (citations omitted). But, "[w]hether or not each of the four considerations are met, a severance is warranted in consideration of all relevant factors taken as a whole." *United States v. DePalma*, 466 F. Supp. 920, 922 n.2 (S.D.N.Y. 1979).

Applying these factors, the Court should order severance here. Mr. Rodriguez has personal knowledge of his discussions with Mr. Hill about the application of United States law relating to money transmission to Samourai, including discussions based on his consultation with outside counsel. These discussions constitute powerful exculpatory evidence as to Mr. Hill's state of mind, undermining the Government's allegation that Mr. Hill "willfully and knowingly combined, conspired, confederated, and agreed" to launder money and to operate an unlicensed money transmitting business. Indictment ¶¶ 29, 32. Even though Mr. Hill could himself testify about

these discussions, Mr. Rodriguez's testimony would provide independent and corroborating exculpatory evidence of Mr. Hill's innocent state of mind.

In *DePalma*, the court granted severance where, as here: (1) the co-defendant stated that he would invoke his Fifth Amendment privilege in a joint trial but waive that privilege and testify at a separate trial of defendant if that trial were subsequent to co-defendant's own trial; (2) the co-defendant's proposed testimony was based upon personal knowledge; (3) the defendant's need for co-defendant's proffered testimony to ensure a fair trial outweighed the burden on judicial economy imposed by an additional trial that would be narrowed to issues specific to the severed defendant; and (4) the co-defendant's testimony was no more vulnerable to impeachment than that of other witnesses in the case. *See* 466 F. Supp. at 921-23 (applying the factors set forth in *Finkelstein*). Here, too, Mr. Hill should be granted a severance to allow him to call Mr. Rodriguez as a witness.

Courts in other Circuits have likewise recognized that separate trials may be required to ensure that a defendant will be able to present a co-defendant's exculpatory testimony. *See, e.g.*, *United States v. Echeles*, 352 F.2d 892, 898 (7th Cir. 1965) (reversible error not to order separate trial for defendant charged with suborning perjury where defendant, an attorney, was not able to call his co-defendant, his former client, to present exculpatory testimony); *United States v. Stoecker*, 920 F. Supp. 876, 884-87 (N.D. Ill. 1996) (granting defendant's motion for a separate trial after that of his co-defendant to allow the co-defendant to provide exculpatory testimony); *United States v. Almonte*, No. 91 Cr. 461, 1992 WL 13013, at *2 (N.D. Ill. Jan. 8, 1992) (same).

As these courts have recognized, a severance in these circumstances "can cure the problem," such that the Court should order separate trials. *United States v. Lyles*, 593 F.2d 182, 192 (2d Cir. 1979). Further, Mr. Hill is disclosing his intent to call Mr. Rodriguez as a defense

8

witness now, six months before trial, to minimize the burden on the Government and the Court that could be caused by raising the issue just before or during a joint trial. *Compare United States v. Wilson*, 11 F.3d 346, 354 (2d Cir. 1993) (upholding denial of severance when the defendant's motion was "a last-minute ploy"); *United States v. Sliker*, 751 F.2d 477, 495-96 (2d Cir. 1984) (upholding denial of defendant's severance motion when it was supported "only by oral statements of counsel" on the first morning of trial).

Mr. Hill recognizes that motions for a severance on these grounds should normally be supported by the actual statements of the co-defendant—often in the form of a sworn affidavit. Mr. Rodriguez, through his counsel, has indicated that he would be willing to testify at a separate trial of Mr. Hill if that trial were after his own, such that any statements he might make on cross-examination could not be used against him. However, counsel has declined to allow his client to provide an affidavit at this time—six months in advance of trial. As an alternative, Mr. Hill would be willing to submit his own sworn declaration detailing his discussions with Mr. Rodriguez concerning the applicability of United States law. However, an *ex parte* submission is necessary to avoid disclosing privileged legal advice that was shared by Mr. Rodriguez with Mr. Hill.

## **CONCLUSION**

For the foregoing reasons, Mr. Hill respectfully requests that the Court order a severance, pursuant to Federal Rule of Criminal Procedure 14(a), and that he be tried separately from his co-defendant, Mr. Rodriguez.

Dated: May 29, 2025

Respectfully submitted,

By: */s/Roger A. Burlingame*
Roger A. Burlingame
Matthew L. Mazur
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
roger.burlingame@dechert.com
matthew.mazur@dechert.com

*Counsel for Defendant William Lonergan Hill*