

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
United States of America

+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

_____

25 Cannon Street
London EC4M 5UB
UK
+44 20 7184 7000  Main
+44 20 7184 7001  Fax
DX 30 London
www.dechert.com

_____

**ROGER BURLINGAME**
*Partner*

Roger.Burlingame@dechert.com
+44 20 7184 7333  Direct
+44 20 7184 7001  Fax
+1 212 641 5682  Direct
+1 212 698 3599  Fax

June 24, 2025

**BY ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re: *United States v. Keonne Rodriguez and William Lonergan Hill*, 24 Cr. 82 (RMB)

Dear Judge Berman:

We write on behalf of Defendant William Lonergan Hill, under Rule 4.B of Your Honor's Individual Rules & Practices, to respectfully request that the Court permanently seal the portions of the July 10, 2024 letter from the Department of Justice to the Court (ECF No. 40) and the "Memo Endorsed" version of that letter (ECF No. 41) (collectively, the "Documents") stating Mr. Hill's home address.  Mr. Hill's address constitutes sensitive personally identifiable information that, if left unredacted, threatens the safety and security of his family.  Specifically, public access to this information needlessly exposes Mr. Hill and his wife to physical harm, including stalking or harassment, and increases the risk that they are targeted for forcible theft, fraud, identity theft, and similar exploitation for any possible cryptocurrency they may possess.[1]

Currently, the Documents are temporarily sealed pending the Court's decision on this letter motion.  Notwithstanding the temporary seal, however, the Documents remain available on CourtListener.com, a fully-searchable and accessible online archive that includes

---

[1] Crypto-related kidnappings have recently been on the rise in both Europe and the United States.  *See, e.g.*, "Crypto Investor Charged With Kidnapping and Torturing Man for Weeks," N.Y. Times, May 24, 2025, *at* https://www.nytimes.com/2025/05/24/nyregion/crypto-investor-torture-italian-tourist.html; "Arrests over French cryptocurrency kidnapping plots," BBC News, May 27, 2025, *at* https://www.bbc.co.uk/news/articles/clyz4rkxrwxo.



Hon. Richard M. Berman
June 24, 2025
Page 2

repositories of federal filings.[2]  CourtListener.com features a repository for the above referenced matter that offers an unofficial copy of the docket, or free versions of the documents filed in this case, including unredacted and unsealed versions of the Documents with Mr. Hill's home address.

To remove the sensitive personally identifying information about Mr. Hill and his family from Courtlistener.com, additional steps are necessary, as redactions on the official docket are not transferred automatically to the unofficial CourtListener version of the docket on the website.  Specifically, removing the sensitive personally identifying information from the unofficial docket requires a court order.  CourtListener.com's "Removal Policy" states, in relevant part:

> We will not remove any public document from our database without a court order. If you want information deleted from our site, your only recourse is to get it deleted from the public record and to obtain a court order demanding that we do the same. If you are able to furnish such a court order, we will generally remove the document from our site. If the court order demands an expungement or redaction, we will generally anonymize or redact cases by replacing names with initials or black boxes, and placing a note at the top of the document explaining the change. We will not make changes to any other documents without a court order that specifically requires that we do so.[3]

Therefore, to ensure the security and safety of Mr. Hill and his family, we respectfully request that Your Honor issue the attached Proposed Order to CourtListener.com, requiring the site to remove unredacted versions of the Documents from public access until the redacted Documents become publicly available (attached hereto as Exhibit A.).

In ruling on a motion to seal, the Second Circuit has recognized that the right to public access to judicial documents is not absolute and "the task of the courts is to weigh the

---

[2] Free Law Project, About Free Law Project, https://free.law/about (last visited Apr. 8, 2025) (describing CourtListener.com as the organization's "fully-searchable and accessible archive of court data including growing repositories of opinions, oral arguments, judges, judicial financial records, and federal filings.").
[3] CourtListener.com, Removal Policy, https://www.courtlistener.com/terms/#removal (last visited Apr. 8, 2025).



Hon. Richard M. Berman
June 24, 2025
Page 3

interests advanced by the parties in light of the public interest and the duty of the courts."
*United States v. Amodeo ("Amodeo I"),* 44 F.3d 141, 146 (2d Cir. 1995) (internal quotation
marks and citations omitted).  In particular, the Court must balance the right to public
access to judicial documents against the privacy interest of the party resisting disclosure.
*See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In
balancing the competing interests, it is proper for courts to redact a document to allow
access to appropriate portions of the document.  *Amodeo I*, 44 F.3d at 147.  Further, this
Court has found that redacting sensitive personally identifying information to protect
individual privacy interests "was essential to preserve higher values and was narrowly
tailored to serve those interests."  *United States v. Akhavan*, 532 F. Supp. 3d 181, 188
(S.D.N.Y. 2021) (cleaned up).

Here, Mr. Hill's interest in the personal safety and security of himself and his family
outweighs any government interest in presenting his home address for public consumption.
The public's ability to access sensitive personally identifiable information about Mr. Hill
and his family via an unofficial copy of that docket presents a pronounced threat to the
personal safety and security of Mr. Hill and his family.  Further, the limited scope of the
proposed redactions is narrowly tailored and would not have any effect on the public's
ability to read or understand the contents of the documents.

We advised the Government of our request to seek a permanent seal for the portions of the
Documents that contain sensitive personally identifiable information of Mr. Hill and his
family and our request to seek an Order compelling CourtListener.com to remove the
unredacted Documents from their site.  The Government has no objection to the redactions
or issuance of the Proposed Order.



Hon. Richard M. Berman
June 24, 2025
Page 4

For these reasons, Defendant William Hill respectfully requests that the Court grant his request to redact portions of the Documents and issue the Proposed Order.

Respectfully yours,

*/s/ Roger A. Burlingame*
Roger A. Burlingame

cc:    All counsel of record (by ECF)