```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          24 Cr. 82 (DLC)

KEONNE RODRIGUEZ and WILLIAM
LONERGAN HILL,

                Defendants.

------------------------------x
                                        New York, N.Y.
                                        July 22, 2025
                                        2:00 p.m.

Before:

                HON. DENISE L. COTE,

                                        District Judge

                    APPEARANCES

JAY CLAYTON,
     United States Attorney for the
     Southern District of New York
BY:  ANDREW CHAN
     CECILIA VOGEL
     Assistant United States Attorneys

MICHAEL K. KROUSE
     Attorney for Defendant Rodriguez

MATTHEW L. MAZUR
ROGER A. BURLINGAME
     Attorneys for Defendant Hill
```

1        THE DEPUTY CLERK:  This is 24 Cr. 82, United States v.
2   Rodriguez and Hill.
3        Who's appearing for the government?
4        MR. CHAN:  Good afternoon, your Honor.  Andrew Chan
5   and Cecilia Vogel here on behalf of the United States.
6        THE DEPUTY CLERK:  For defendant Rodriguez.
7        MR. KROUSE:  Good afternoon, your Honor.  Michael
8   Krouse for defendant Keonne Rodriguez, and seated next to me is
9   Mr. Rodriguez.
10       THE DEPUTY CLERK:  For defendant Hill.
11       MR. MAZUR:  Good afternoon, your Honor.  Matthew
12  Mazur, and I'm here with my partner Roger Burlingame on behalf
13  of our client William Hill, who is also present.
14       THE COURT:  Thank you.  We're here for the arraignment
15  on a superseding indictment bearing the number 24 Cr. 82.  It's
16  superseding indictment 3.
17       This case was recently reassigned to me.  This is my
18  first opportunity to meet with counsel.  I appreciate the
19  government's letter of July 21st and look forward to hearing
20  from one and all with respect to open issues.
21       But let's begin with the arraignment.  I'd ask the
22  defendants please to stand.  I'm going to ask each of you a
23  series of three questions.
24       Mr. Rodriguez, have you received a copy of
25  S3 24 Cr. 82?

1           DEFENDANT RODRIGUEZ:  Yes, I have.
2           THE COURT:  Do you wish me to read it to you?
3           DEFENDANT RODRIGUEZ:  No.
4           THE COURT:  How do you plead, guilty or not guilty?
5           DEFENDANT RODRIGUEZ:  Not guilty, your Honor.
6           THE COURT:  You may be seated.
7           Mr. Hill, please stand.  Have you received a copy of
8    S3 24 Cr. 82?
9           DEFENDANT HILL:  Yes, I have, your Honor.
10          THE COURT:  Do you wish me to read it to you?
11          DEFENDANT HILL:  No.  Thank you, your Honor.
12          THE COURT:  How do you plead, guilty or not guilty?
13          DEFENDANT HILL:  Not guilty, your Honor.
14          THE COURT:  Thank you.  Please be seated.
15          We have a trial date of November 3rd, 2025.  I believe
16   from the docket sheet that that was a date set on December 11th
17   of last year, and I want to know if there's any objection to
18   excluding time from today until our trial date of November 3rd.
19   Mr. Krouse.
20          MR. KROUSE:  No objection, your Honor.
21          THE COURT:  Mr. Mazur.
22          MR. MAZUR:  No, your Honor.
23          THE COURT:  I'm going to exclude the time from today
24   until our trial date of November 3rd, finding the exclusion to
25   be in the interests of justice and to outweigh the best

1    interests of the defendants and the public in a speedy trial.
2    It will permit the various things described in the government's
3    letter of yesterday, July 21, to be accomplished.  Much of
4    those topics relate to trial preparation and the exchange of
5    submissions and further submissions to this Court.  It will
6    also give the defendants an opportunity, should they wish to
7    enter a plea of guilty, to pursue those negotiations with the
8    government through their counsel.  Alternatively, if the
9    defendants decide that they prefer to proceed to trial, to let
10   their counsel finally prepare for that trial.
11           I want to advise one and all that this trial date is
12   firm and will not move.  Therefore, if either defendant wants
13   to change counsel or is no longer able to afford counsel, they
14   should immediately take steps to change counsel or apply to me
15   for appointment of counsel.  Any new attorney needs an
16   opportunity to prepare for trial.
17           Mr. Rodriguez, do you understand what I just said?
18           DEFENDANT RODRIGUEZ:  Yes, I do, your Honor.
19           THE COURT:  Mr. Hill, do you understand what I just
20   said?
21           DEFENDANT HILL:  Yes, I do, your Honor.
22           THE COURT:  Thank you.
23           The government's letter indicated that it was
24   considering filing a superseding indictment.
25           Mr. Chan, what's the government's thinking about that?

1  MR. CHAN:  Your Honor, I think that the government
2  currently anticipates another superseding indictment before
3  trial, which would add additional specified unlawful activities
4  as part of the charged money laundering conspiracy in Count
5  One.  The government hopes to be able to file that superseding
6  indictment I think within the next 45 days.
7  THE COURT:  So we're going to set a date then of
8  September 12th.  And so if the government seeks to file a
9  superseding indictment after that date, it should let defense
10  counsel know, and, of course, advise me.  I'm going to assume
11  that any superseding indictment will be filed no later than
12  September 12th.
13  MR. CHAN:  Yes, your Honor.
14  THE COURT:  The government's letter of July 21 also
15  describes a number of exchanges and submissions that the
16  parties have agreed among themselves to make, and all of those
17  dates seem reasonable to me.  There is a request in the letter
18  that opposition to any motions in limine be due October 15th
19  and not October 8th, and that's just fine with me.  I approve
20  that alteration to the schedule that had been previously set.
21  I understand that motions in limine will be filed on October 1.
22  With respect to one of the dates described in the
23  letter of July 21, October 14th is listed as the date for
24  exchange of exhibits.  Is that the date the parties agreed upon
25  for the defendant to identify its trial exhibits, as well, to

1     the government?

2              MR. CHAN:  Yes, your Honor.

3              THE COURT:  Okay.  Thank you.

4              So I was interested to learn from the government's

5     letter that bail conditions for Mr. Hill included his residency

6     in Portugal pending trial.  I assume, Mr. Mazur, there's a date

7     on which the defendant is returning to this country to prepare

8     for trial.  Can you let me know what that is?

9              MR. MAZUR:  Your Honor, I don't think we settled on a

10    date for that yet, but yes, I agree with your assumption that

11    there will be a date when he will be here to prepare for trial.

12             THE COURT:  Why don't you advise the government and me

13    of what that date will be, shall we say by Friday, advise us of

14    what the date will be.

15             MR. MAZUR:  Sure.  I appreciate the chance to confer

16    about that.  Thank you.

17             THE COURT:  Thank you.

18             The government describes what it anticipates the

19    length of the trial to be, that is three weeks.  Does that

20    estimate include the entirety of the trial?  Of course we can't

21    tell how long deliberations will take or know what the length

22    of the defense case will be, but that's the government's best

23    estimate at this time?

24             MR. CHAN:  Yes, your Honor.  That estimate of three

25    weeks is based on the government's case and estimates of the

1    cross-examinations by defense counsel, as well as potential
2    defense case.  Although, we have not received any information
3    from the defendants as to their estimated length of their
4    defense case.
5            THE COURT:  I have a 12.2 filing.  It was made on
6    May 29th by Defendant Hill.  We're still trying to get our
7    hands around of what's actually been docketed.
8            Let me let counsel know that in this case, in all
9    criminal cases, everything gets docketed, everything.  I don't
10   want submissions to me creating a shadow docket.  Now, of
11   course, some things should be docketed under seal, that's fine.
12   There are arrangements we could make to file matters under seal
13   when that's appropriate.  And so we've been trying to catch up
14   and make sure everything is docketed and there's an official
15   record in this case with respect to everything.
16           One of the things we've recently discovered is this
17   12.2 notice provided on May 29th by Mr. Hill, and there is a
18   reference to it being supplemented on July 18th, and I'll take
19   a description from Mr. Hill's counsel that's appropriate for a
20   public record to describe the form in which that
21   supplementation was made.
22           MR. MAZUR:  Thank you, your Honor.  Yes, it was not a
23   formal supplemental notice that was served.  It was simply that
24   the government asked certain questions about the notice to
25   facilitate what I expect to be a motion for a court ordered

1   examination in response to our notice.  We provided the
2   information the government requested in an email and identified
3   type of expert and the testing that we had done so that they
4   could match it on their end.
5           THE COURT:  Great.  So there was no notification to
6   the Court or was there supplemental notice to the government's
7   counsel?
8           MR. MAZUR:  Correct.
9           THE COURT:  Thank you.
10          And of course 12.2 notice is required when there's a
11  condition that bears on guilt.  I'm going to need briefing with
12  respect to that if this remains ripe.  I understand defense
13  counsel has reserved the right to withdraw the notice, and I
14  expect there may be further consultation among counsel.  But at
15  some point where this truly is ripe and may be an issue for
16  trial, I'm going to need briefing from defense counsel with
17  respect to how this condition for which 12.2 notice was given
18  actually could bear on guilt.  Thank you.
19          So there are a set of papers we've been able to
20  identify that are not on the record.  Or, if on the record --
21  excuse me one second.  So I have two inches of material here
22  that I don't think have been docketed.  I think there was a
23  request, perhaps on May 29th, by Mr. Hill's counsel to file
24  these materials under seal.  I don't know that that request was
25  ruled upon.  I don't believe it was.

1           Looking at this group of materials, I'm not sure that
2   all of it need be filed under seal or that a sealing
3   application would be granted in its entirety.  So I'm going to
4   ask Mr. Hill's counsel, please, to review these materials and,
5   where you can, file the materials on the public record and
6   where you believe it remains appropriate to request a filing
7   under seal, that you make that submission to me.  This batch of
8   materials, you can examine this batch of materials after this
9   conference to figure out what I'm referring to, but i think it
10  was in connection to motion practice made on May 29th, and my
11  deputy, Mr. Whertvine, will have custody of these.  Thank you.
12          I'd like a letter from the government — again, it can
13  be this Friday — that describes for me and for defense counsel
14  the chain of exclusions pursuant to the Speedy Trial Act that
15  took us to today.  I've entered an order pursuant to Title 18,
16  United States Code, Section 3161(h)(7)(A) for today through to
17  our trial date.  I'd just like to confirm that we have
18  exclusions that run to today.
19          MR. CHAN:  Yes, your Honor.
20          THE COURT:  Thank you.
21          So a number of motions were submitted in this case and
22  remain open.  There is a motion to dismiss that was made by
23  both defendants and a reply was filed on that motion.  There
24  was a motion made by Defendant Hill for a *Franks* hearing, there
25  was a motion made by defendant Hill for a severance, and there

1    was a motion made for additional discovery of an August 23,
2    2023 telephone call between the prosecutors and FinCEN, and a
3    request for hearing in connection with those.  I've reviewed
4    all those papers.  I'm going to deny the motions to some
5    extent.  I may write, other motions may be subject to an oral
6    ruling at a later date.  But I wanted to let you know that I
7    had a chance to review all those motion papers and become
8    familiar with those issues.
9         I think that's it with respect to my list of items for
10   today's conference, but let me give everyone else an
11   opportunity to raise issues with the Court.
12        Mr. Chan.
13        MR. CHAN:  Nothing for the government, your Honor.
14   Thank you.
15        THE COURT:  Thank you.
16        Mr. Krouse.
17        MR. KROUSE:  No, your Honor.  Thank you.
18        THE COURT:  Yes.
19        Mr. Mazur.
20        MR. MAZUR:  No, nothing.  Thank you, your Honor.
21        THE COURT:  Thanks, all.
22        THE DEPUTY CLERK:  All rise.
23                              * * *
24
25