

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 20, 2026

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *United States v. Rodriguez and Hill,*
S3 24 Cr. 82 (DLC)

Dear Judge Cote:

The Government respectfully requests that the Court enter the proposed Amended Preliminary Order of Forfeiture as to Specific Property (the "Amended Order of Forfeiture"), to forfeit 57.54845429255322 in Bitcoin (BTC) (the "Specific Property"). The Specific Property are proceeds traceable to and property involved in the offense of conviction. Namely, the Specific Property constitute fees generated by the offense of conviction and was involved in transactions in furtherance of the offense of conviction. Counsel for the defendants have informed the Government that they take no position on the Amended Order of Forfeiture. The Government is not aware of any third parties having an interest in the Specific Property.

On or about July 30, 2025, as to each defendant, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Preliminary Order of Forfeiture") wherein the Court imposed a forfeiture money judgment in the amount $237,832,360.55 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense of conviction. Pursuant to the Preliminary Order of Forfeiture, the defendants agreed to make a payment in the amount of $6,367,139.69 in United States currency (the "Payment"), on or before the defendants' sentencing date or November 30, 2025, whichever was earlier, upon receipt of which the Government would deem the Money Judgment satisfied in its entirety. On or about November 3, 2025, in lieu of making the Payment in United States currency, the defendants transferred the Specific Property to a wallet controlled by the United States Marshals Service, and the Government and the defendants entered into an agreement pursuant to which the Government agreed to accept the Specific Property in lieu of the Payment in United States currency. At the time the Government received the Specific Property, its value was equivalent to the Payment.

After sentencing in this case, the Government, based on consultation with the United States Department of Justice Money Laundering, Narcotics, and Forfeiture Section, determined that it was necessary to obtain a forfeiture order specific to the Specific Property because the Payment was made via cryptocurrency instead of via U.S. currency.

Pursuant to Rule 32.2(e), a court may amend an existing order of forfeiture at any time to include property that is subject to forfeiture under an existing order. Fed. R. Crim. P. 32.2(e). This rule recognizes that, in many cases, vast amounts of forfeitable property is not calculated, located, or identified until after a prior order of forfeiture already has been entered. *See, e.g.*, *United States v. Percoco*, No. 16-CR-776 (VEC), 2019 WL 1593882, at *1, *2 (S.D.N.Y. Apr. 15, 2019) (nearly seven months after a forfeiture order was entered at sentencing, forfeiting $320,000 in bribes under Rule 32.2(e)(1)), *aff'd*, 13 F.4th 180 (2d Cir. 2021), *cert. granted on other grounds*, 142 S. Ct. 2901 (June 30, 2022); *United States v. Hallinan*, 521 F. Supp. 3d 590, 595 (E.D. Pa. 2021) (years after sentencing and entry of forfeiture order, forfeiting as directly forfeitable property, under Rule 32.2(e)(1)(A), a $2 million promissory note assigned to defendant's daughter); *United States v. Saccoccia*, 62 F. Supp. 2d 539, 540 (D.R.I. 1999) (forfeiting, six years after the defendant was convicted, 83 bars of gold that were buried or otherwise secreted at defendant's mother's home); *see also United States v. Parker*, No. 3:02-0053, 2017 WL 1075098, at *1, *2 (M.D. Tenn. Mar. 22, 2017) (upholding the forfeiture as substitute property, under Fed. R. Crim. P. 32.2(e), of a $12,000 gold diamond ring that was not discovered until approximately 12 years after entry of forfeiture order, when IRS agents were clearing out a storage room and found the briefcase with the ring contained in an inside pocket). Here, the Specific Property, which defendants voluntarily paid to the Government shortly before sentencing in lieu of the Payment, were later confirmed by Bitcoin tracing analysis to be property traceable to and involved in the offense.

Accordingly, the Government respectfully requests that the Court enter the attached Amended Preliminary Order of Forfeiture as to Specific Property so that the United States Marshals Service can liquidate and dispose of the Specific Property to the extent permitted under the law, including any relevant executive orders and Government policies regarding cryptocurrency.  The Preliminary Order of Forfeiture is amended only as to the Specific Property, and the Preliminary Order of Forfeiture should in all other respects remain unchanged and fully incorporated herein.

Respectfully,

NICOLAS ROOS
Acting Deputy United States Attorney
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By:　　　　／s／
Andrew K. Chan
David R. Felton
Cecilia Vogel
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-1072 / 2299 / 1084

*Enclosure*