UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:        AMENDED PRELIMINARY
- v. -                                ORDER OF FORFEITURE AS TO
:        SPECIFIC PROPERTY
WILLIAM LONERGAN HILL, and
KEONNE RODRIGUEZ,                 :        S3 24 Cr. 82 (DLC)

            Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about June 24, 2025, WILLIAM LONERGAN HILL and

KEONNE RODRIGUEZ (the "Defendants"), were charged in a two-count Superseding

Indictment, S3 24 Cr. 82 (DLC) (the "Indictment"), with conspiracy to commit money laundering,

in violation of Title 18, United States Code, Section 1956(h) (Count One); and conspiracy to

operate an unlicensed money transmitting business, in violation of Title 18, United States Code,

Section 371 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and

Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses

charged in Counts One and Two of the Indictment, or any property traceable to such property,

including but not limited to a sum of money in United States currency representing the amount of

property involved in the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about July 30, 2025, the Defendants pled guilty to Count Two

of the Indictment, pursuant to plea agreements with the Government, wherein the Defendants

admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit

to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money

equal to $237,832,360.55 in United States currency, representing the amount of property involved in the offense charged in Count Two of the Indictment;

WHEREAS, on or about July 30, 2025, as to each Defendant, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgement (the "Preliminary Orders of Forfeiture") which ordered the forfeiture to the United States of a sum of money equal to $237,832,360.55 in United States currency (the "Money Judgment"), representing all property involved in the offense charged in Count Two of the Indictment;

WHEREAS, pursuant to the Preliminary Orders of Forfeiture, the Defendants agreed to make a payment in the amount of $6,367,139.69 in United States currency (the "Payment"), on or before Defendants' sentencing date or November 30, 2025 (whichever was earlier) (the "Payment Date"), to satisfy the entire Money Judgment;

WHEREAS, pursuant to the Preliminary Orders of Forfeiture, the Defendants and the Government agreed that upon receipt of the Payment on or before the Payment Date, the Government would deem the Money Judgment to be fully satisfied;

WHEREAS, on or about November 3, 2025, following the entry of the Preliminary Orders of Forfeiture, in lieu of making the Payment in United States currency, the Defendants transferred 57.54845429255322 in Bitcoin (BTC) to a wallet controlled by the United States Marshals Service (the "Specific Property"), which transfer the Government accepted as a voluntary payment in lieu of the Payment; and

WHEREAS, the Specific Property is forfeitable as property involved in the offense charged in Count Two of the Indictment;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED THAT:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendants pled guilty, all of the Defendants' right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Preliminary Order of Forfeiture as to Specific Property is final as to the Defendants WILLIAM LONERGAN HILL and KEONNE RODRIGUEZ, and shall be deemed part of the sentence of the Defendants, and shall be included in the judgments of conviction therewith.

3.      Upon entry of a Final Order of Forfeiture with respect to the Specific Property, the Specific Property shall be applied towards the full satisfaction of the Money Judgment.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      The Preliminary Orders of Forfeiture are amended only as to the Payment and Specific Property, as defined herein, and the Preliminary Orders of Forfeiture should in all other respects remain unchanged and fully incorporated herein.

9.      The Court shall retain jurisdiction to enforce this Amended Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:


_____          _____
HONORABLE DENISE L. COTE                              DATE
UNITED STATES DISTRICT JUDGE